# United States District Court

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL COMPLAINT** |
| V. | |
| **THOMAS S. ZIMSKI** | CASE NUMBER: 1:18-mj-0488 |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.   Between on or about August 23, 2017 to present, in Marion County and elsewhere, in the Southern District of Indiana defendant did commit,

Count 1 – Knowingly receiving child pornography, in violation of Title 18, United States Code, Section 2252(a)(2).

Count 2 – Knowingly possessing child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

I further state that I am a Task Force Officer, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

_____
TFO Darin Odier, FBI

**Sworn to before me, and subscribed in my presence**

May 11, 2018                                     at     Indianapolis, Indiana
**Date**

Debra McVicker Lynch, U.S. Magistrate Judge                             _____
**Name and Title of Judicial Officer**                                  **Signature of Judicial Officer**

## **AFFIDAVIT**

I, Darin Odier, hereby depose and state as follows:

1. **Affiant**: I am a Detective in the Cybercrime Unit of the Indianapolis Metropolitan Police Department. I am also a cross designated Task Force officer assigned to the FBI the Indianapolis Violent Crimes Against Children Task Force.

2. **Experience**: I have over 29 years of law enforcement experience. I have investigated State and Federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have written numerous search warrants involving internet crimes against children cases and participated in their execution.

3. **Training**: I have attended and presented at the National Crimes Against Children Conference and have attended numerous classes related to investigating the online sexual exploitation of children. I am also a member of the Indiana Internet Crimes against Children Task Force, which includes numerous federal, state and local law enforcement agencies. I am currently assigned to operate in an undercover capacity on the Internet to identify and investigate persons attempting to exploit or solicit sexual acts with children or trafficking in child pornography. As a Task Force Officer, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4. **Information Provided**: The statements in this affidavit are based on my personal observations, my training and experience, my investigation of

this matter, and information obtained from other agents and witnesses. Because this affidavit is being submitted for the limited purpose of securing a Criminal Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation.

5. **Relief Requested**: I request the Court to issue a Criminal Complaint and Arrest Warrant charging **Thomas S. Zimski** (hereinafter, "**Zimski**") with knowingly receiving and possessing materials containing numerous visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and 2252 (a)(4)(B).

6. **Relevant Statutes**:

a. 18 U.S.C. 2252(a)(2), in pertinent parts, prohibits and person from knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct.

b. 18 U.S.C. § 2252(a)(4)(B), in pertinent parts, prohibits a person from knowingly possessing 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed,

2

or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or shipped or transported by any means, including by computer, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

## BACKGROUND OF THE INVESTIGATION

7. On June 26, 2017, I received information concerning a child exploitation investigation. I learned that Individual 1 (known to law enforcement but redacted) of Indianapolis, Indiana, was molesting his three year old daughter, Minor Child 1. I also learned that Individual 1 produced videos and photographs of himself engaging in sexually explicit conduct Minor Child 1 and that Individual 1 was sharing those images over various social media platforms on the Internet. Law enforcement conducted a search warrant on Individual 1's residence and ultimately arrested Individual 1. Individual 1 was indicted in the Southern District of Indiana on July 11, 2017 for, among other things, sexual exploitation of a minor, distribution and receipt of child pornography, and possession of child pornography.

### A. Identification of Individual 2:

8. During the course of the investigation into Individual 1, investigators learned that Individual 1 was using multiple email accounts, online storage accounts and social network accounts to distribute and receive images of child pornography, including that of Minor Child 1. Law enforcement was able

3

to recover portions of online communications between Individual 1 and others through multiple online platforms.

9. On February 28, 2017, Individual 1 posted a thread on Craigslist entitled "Looking for real taboo perv porn buddy." On that thread, Individual 1 posted an image and stated, "I'm down not sure but that looks like my daughter." Given the context of the thread and knowing that Individual 1 distributed sexually explicit images of Minor Child 1 in multiple online platforms, I believe that it is probable that the image posted by Individual 1 in the Craigslist thread is a sexually explicit image of a child.

10. An unnamed individual (Individual 2) responded to Individual 1's Craigslist post, stating "I've got about 2hrs of vids like that." Individual 2 has a Craigslist user ID/email of XXXXXXXX@pers.craigslist.org (known to law enforcement but redacted). During the course of the thread, Individual 2 identifies his/her email address as Email Address B (known to law enforcement but redacted), which also contained the name Individual 2 (known to law enforcement but redacted).

11. Federal search warrants was executed on many of the accounts used by Individual 1, including Email Address A.[1] In Email Address A, I was able to see the image sent in the Craigslist thread described above, which I describe as follows:

  a. c9515001-2c9c-4891-8309-64042c1db673.jpg: This is an image of an adult penis pressed against the exposed vaginal area of a minor child.

---

[1] Actual email address known to law enforcement but redacted for purposes of this Affidavit.

4

12. Also in Email Address A, I was able to see another Craigslist post dated June 4, 2017. In that post, Individual 2 tells Individual 1 "I reallyvwanna hang again" and Individual 1 responds, "I wanna chill soon too!" I know from my training and experience that people that are sexually attracted to children and who produce and/or collect child pornography often seek other like-minded people online and in person to further their collections and sexual gratification.

13. Results of an open source records search for Individual 2 and Email Address B reveal the same profile picture. A search of IMPD incident reports shows Individual 2, W/M, DOB \*\*/\*\*/1981 with an address in Indianapolis, Indiana. The incident report includes a picture of Individual 2. I recognize Individual 2 to be the same person in the profile picture associated with Email Address B.

14. I also located a public Facebook page for an individual named Individual 2 under the Facebook username "FB User 1" (known to law enforcement but redacted). I reviewed photographs on the public Facebook page for FB User 1 and believe them to be the same male identified in the photographs above identified as Individual 2.

15. Federal search warrants were executed on the email account Email Account B and the Facebook account for username FB User 1.

16. The search warrant return for Email Account B revealed the February 28, 2017 Craigslist thread described above, including the conversation between Individual 1 and Individual 2 and the image that was shared by

5

Individual 1 (c9515001-2c9c-4891-8309-64042c1db673.jpg). The Email Account B also contained multiple images (selfies) of the same white male sent to others via email. In reviewing those selfies, I recognize them to be Individual 2.

17.  The Facebook search warrant return for username FB User 1 also contains multiple "selfies" that Individual 2 sent to others. In reviewing those selfies, I recognize them to be Individual 2. The verified cell phone number associated with the Facebook account for FB User 1 is Individual 2's cellular telephone, XXX-XXX-3567.

18.  During the course of the investigation, a search warrant was also executed on Individual 1's Facebook account. The search warrant return revealed a March 2017 Facebook messenger conversation between Individual 1 and a person known to me (Witness 2). In the conversation, Witness 2 accuses Individual 1 of molesting his biological relative and having child pornography. Witness 2 further claims in the conversation to have screen shots of conversations involving child pornography between Individual 1 and an individual named "Individual 2".

19.  Witness 2 states, "Im gonna need you to bring me some dope or money or im taking the screen shots saved pages videos and conversation with your buddy [Individual 2] to the police" and "Jp you have child porn and in this conversation mention molesting your daughter".

20.  The search warrant also revealed an April 2017 Facebook messenger conversation between Individual 1 and a person known to me (Witness 3), where

6

they discuss the accusations made by Witness 2, described above. Witness 3 sends Individual 1 a compilation of screenshots that Witness 2 had sent Witness 3. In the screenshots, I can see a conversation between Individual 1 and Individual 2, which includes a profile picture. I recognize the person in the profile picture for Individual 2 as the Individual 2 described above.

21. In those screenshot conversations, Individual 1 and Individual 2 discuss sexual activity with children. Individual 2 sends two (2) videos to Individual 1 that, based on my training and experience and given the context of the conversation, are likely videos of child pornography. Individual 2 also states that he is "Watching taboo porn...I'm talking to a new young buddy that's into the same stuff as us. I've got so many more vids now".

22. Furthermore, in a June 4, 2017 Craigslist post sent from Email Account B, Individual 2 says, "...ive got a lot of video to watch. Real stuff, young, incest,daddy daughter n stuff."

23. On August 29, 2017, Individual 1 identified a photo of Individual 2 to law enforcement. Individual 1 further stated that Individual 1 and Individual 2 met on Craigslist and that Individual 1 sent Individual 2 the image on Craigslist described above (c9515001-2c9c-4891-8309-64042c1db673.jpg). Individual 1 further stated that Individual 1 and Individual 2 met in person on at least two (2) occasions to get high and watch videos of child pornography provided by Individual 2 on a thumb drive and laptop computer.

24. The Facebook search warrant return for FB User 1 also contained Facebook messenger conversations between Individual 2 and others. In a

7

September 9, 2017 message, a person asks Individual 2 what his address is and Individual 2 responds with "I2 Subject Residence", an address known to law enforcement but redacted.

25. On October 3, 2017, conducted surveillance on the area of I2 Subject Residence and observed Individual 2 exit the residence.

26. On October 28, 2017, I was notified by Postal Inspector Suzanne Rossman that Individual 2 was no longer receiving mail at I2 Subject Residence, leading me to initially believe Individual 2 may have moved.

27. In multiple Facebook conversations, Individual 2 provided his cellular telephone number XXX-XXX-3567 to others. On December 11, 2017, requested and received a warrant for precision location information for the cellular telephone with call number XXX-XXX-3567. Over three weeks, I received and reviewed location information of that cellular telephone number hundreds of times. Based on my training and experience, this location information is frequently accurate within 7-15 meters. Based on Individual 2's known employment location, family location and overall patterns, I believed Individual 2 was still residing at I2 Subject Residence during that time.

28. On January 18, 2018, I and assisting officers executed a federal search warrant at Individual 2's Residence. Individual 2 was located in the residence, in his bedroom. I observed a Samsung Galaxy phone (Phone 1) on Individual 2's bed. An additional Samsung cell phone (Phone 2) was also seized pursuant to the warrant.

29. I escorted Individual 2 to an interview room in a mobile forensic vehicle. I read Individual 2 his rights pursuant to *Miranda v. Arizona*, which Individual 2 acknowledged understanding. In an interview recorded with audio and video, Individual 2 stated his email address is Email Address C (known to law enforcement but redacted), provided his cell number of XXX-XXX-3567 and a passcode to his Galaxy cell phone. This is the same cell number for which I requested and received a precision location search warrant.

30. Individual 2 further stated that he previously possessed a thumb drive that contained images and videos of child pornography. Individual 2 stated he used his Samsung Galaxy cell phone to record child pornography videos from the thumb drive, while they played on a TV monitor. Individual 2 stated that some of the videos were in his Google account. Individual 2 signed a consent form authorizing law enforcement to access and take control of Google account of Email Address C. I accessed the Google account, specifically the Google photos folder. I observed multiple videos of toddler and prepubescent children engaged in sexually explicit conduct. These videos of child pornography appeared to have been recorded by using a device to record a TV monitor. I showed Individual 2 the videos and Individual 2 acknowledged recording them from a TV monitor using his Samsung Galaxy phone.

**B. Identification of THOMAS S. ZIMSKI**

31. A preliminary forensic exam of Individual 2's Samsung Galaxy cell phone showed that between March and December, 2017, Individual 2 sent images and videos of children engaged in sexually explicit conduct from his

9

Samsung Galaxy cell phone to multiple other people via sms/mms messages. This occurred on at least 25 separate occasions.

32. Individual 2 admitted he began distributing child pornography via SMS/MMS text message in 2016.

33. Additionally, multiple videos of child pornography were also recovered from a micro-SD card in the Samsung Galaxy. These videos are different than the videos found in Individual 2's Google photos folders

34. During all of the events described above, Individual 2 was located in the Southern District of Indiana.

35. A full forensic exam of Individual 2's Samsung Galaxy cell phone (I2 Phone 1) showed that between March and December, 2017, Individual 2 sent and/or received images and videos of children engaged in sexually explicit conduct to and from his Samsung Galaxy cell phone via SMS/MMS messages to the following telephone number (among others):

    a. Subject Phone 1/Zimski's Cellular Phone: On August 23, 2017, Individual 2 distributed file IMG_1319(2) to the telephone assigned telephone number 317-213-8311 ("Subject Phone 1" or "Zimski's Cellular Phone"), with service provided by Sprint. The file is a video in which a minor male engages in oral intercourse with an adult male. Based on my training and experience, IMG_1319(2) is child pornography.

    b. As set forth below, the user of this phone has been identified as **Thomas S. Zimski**.

## **THOMAS S. ZIMSKI RECEIVES CHILD PORNOGRAPHY**

36. On March 26, 2018, federal warrants and orders were issued in the Southern District of Indiana for pen register, trap and trace, and precise location information related to multiple cell phone numbers, including Zimski's Cellular Phone. Subsequently, I began receiving the location information (Pings) from multiple service providers associated with Zimski's Cellular Phone. On April 25, 2018, the Court signed a 45 day extension of time for certain of those warrants and orders, including that of Zimski's Cellular Phone.

37. I reviewed data results from the precision location of Zimski's Cellular Phone and learned that regularly showed a location in or near 1023 E. Hervey St., Indianapolis, Indiana (Zimski's Residence).

38. During a proffer interview, Individual 2 identified the user of imski's Cellular Phone. Individual 2 stated that the **Zimski** lives on "Hervey Street" and that Individual 2 copied a thumb drive containing files of child pornography (paragraph 35) to an external hard drive owned by **Zimski** at his residence on Hervey Street. Individual 2 has personally known **Zimski** for years. In Individual 2's phone contacts, Zimski's Cellular Phone (317-213-8311) is listed under the name "Thomas Zimski".

39. I located BMV records dated 1-31-18 for **Thomas Scott Zimski**, DOB 01-04-**** (redacted but known to affiant), with an address of 1023 Hervey St, Indianapolis, IN 46203 (Subject Premises). I showed Individual 2 a BMV photo of Thomas Zimski, and Individual 2 identified the photo as Thomas Zimski.

## EXECUTION OF SEARCH WARRANTS FOR ZIMSKI'S PERSON, ZIMSKI'S RESIDENCE, AND DEVICES ON OR WITHIN ZIMSKI'S CONTROL

40. On April 20, 2018, the Honorable Mark J. Dinsmore, United States Magistrate Judge, Southern District of Indiana, authorized the execution of Search Warrants for **Thomas S. Zimski's** Cellular Phone (identified as Subject Phone 1), Zimski's Person (identified as the Subject Person), items on or within Zimski's control, and Zimski's Residence (1023 Hervey Street Indianapolis, Indiana 46203). As agents had probable cause to believe that there was specific evidence of the Subject Offenses on Zimski's Cellular Phone, agents also obtained, via a separate search warrant, the ability to ascertain the precise location of Zimski's Cellular Phone prior to executing the search warrants for his person and residence.

41. Agents executed the precise location search warrant for Zimski's Cellular Phone. However, the data was not within a range precise enough to confirm the location of Zimski's Cellular Phone and surveillance of the residence was difficult because of its location. Though agents acted with due diligence, they were unable to execute the warrant within fourteen (14) days. Accordingly, agents submitted a renewed application that sought to reauthorize the search warrant for **Zimski**, Zimski's Cellular Phone, items on or within Zimski's control, and Zimski's Residence.

42. On May 7, 2018, the Honorable Debra McVicker Lynch authorized the renewed search warrant for Zimski's person, items on or within his control (including Zimski's Cellular Phone identified in that affidavit as "Subject Phone

1", and Zimski's residence. Additionally, agents obtained cell-site authority for Zimski's cellular phone.

43. On May 11, 2018, agents executed the warrants, and while doing so, ascertained the precise location of Zimski's Cellular Phone. Zimski's Cellular Phone and Zimski were located at Witness A's Residence located at 508 Bacon Street, Indianapolis, Indiana. Agents spoke to Witness A, who allowed agents onto Witness A's property. According to Witness A, Zimski had been repairing his bicycle at the residence.

44. After speaking to Witness A, Zimski appeared voluntarily and agreed to speak to agents. Through the aforementioned search warrant, agents ascertained the precise location of Zimski's Cellular Phone. Then, agents were able to observe the cell phone in the area in which they had first observed Zimski, namely, near a tool bag, and in the back of a boat at the Bacon Residence. However, it was not on "or within Zimski's control" at the time. Accordingly, agents sought, via a separate application, authority to search Zimski's Cellular Phone which is in agent's possession, but has not been searched.

45. Additionally, and as set forth in more detail below, Zimski agreed to speak with agents. During his consensual interview, Zimski advised that he uses a black, Dell lap top, and that he had a collection of child pornography on the lap top. Zimski further advised that the lap top was located in the garage at 947 East Bradbury Street, Indianapolis (hereinafter, "Zimski's Lap Top"). Agents traveled to 947 East Bradbury Street, obtained Zimski's Lap Top from the garage

13

(with consent from the owner), and agents sought, via separate application, authority to search Zimski's Lap Top.

## INTERVIEW OF ZIMSKI
## AND FORENSIC SEARCH OF ZIMSKI'S DEVICES

46. On May 11, 2018, law enforcement officers executed the search warrants for Zimski, his person, and his residence, as set forth above.

47. During the search of Zimski's Residence (1023 Hervey St, Indianapolis, IN 46203), officers recovered a white, Seagate External Hard drive (hereinafter "the Seagate Hard Drive") and other digital devices.

48. During a forensic preview of the Seagate Hard Drive, and in a folder entitled "Thomas", I observed multiple videos depicting child pornography, including children engaged in sexually explicit conduct. In the same folder, I observed at least one file that depicts a child victim known to this affiant to have previously been identified by law enforcement, described as follows:

    a. Prepubescent, female, wearing a mask, and laying on a bed with her legs in the air and her vaginal area exposed (known as the "Tara Series.")

49. I and another law enforcement officer interviewed Zimski. Zimski was first read his Miranda rights at 508 Bacon Street, transported him to his Residence at 1023 Hervey Street, and Mirandized him a second time. The interview was recorded with audio and video.

50. According to Zimski, Individual 2 (described above) was interested in child pornography. Affiant showed Zimski text messages between Zimski and

Individual 2. At first, Zimski denied remembering the messages, but later admitted that he recalled sending and receiving them.

51. The messages I showed Zimski include the messages described above, and the message that attached the video described in Paragraph 35(a). Zimski was able to independently recall the contexts of the video described in Paragraph 35(a) (the child pornography video file IMG_1319(2) which is a video in which a minor male engages in oral intercourse with an adult male.

52. Based on my training and experience, IMG_1319(2) is child pornography.

53. During the interview, officers discussed what they had observed on the Seagate External Hard Drive recovered from Zimski's residence. According to Zimski, the images and videos on the Seagate Hard Drive were received by Zimski from Individual 2, and that he (Zimski) knew that it was child pornography. According to Zimski, he has masturbated to images and videos of child pornography on the Seagate Hard Drive.

54. Thomas S. Zimski is a Caucasian male with a Date of Birth (DOB) of \*\*-\*\*-1981. (Redacted but known to this affiant).

55. **Interstate and Foreign Commerce**: The ZTE cell phone and Dell Lap Top were manufactured outside the State of Indiana.

56. **Conclusion**: Based upon the foregoing, your affiant requests this Court to issue an Arrest Warrant and Criminal Complaint charging **Thomas S. Zimski** with knowingly receiving and possessing visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and 2252(4)(B).

_____
Det. Darin Odier, IMPD
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn before me this 11th day of March, 2018.

_____
The Honorable Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana